**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **TROVER GROUP, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **VERINT SYSTEMS, INC.;** | § | Civil Action No. 2:06CV-532-TJW |
| **THE HOME DEPOT, INC.,** | § | |
| **HOME DEPOT U.S.A., INC., and** | § | |
| **TARGET CORPORATION** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |
| | § | |
| | § | |
| | § | |

**DEFENDANTS HOME DEPOT U.S.A., INC. AND THE HOME DEPOT, INC.'s**
**ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Home Depot U.S.A., Inc. and The Home Depot, Inc. (collectively, "Home

Depot") respond to Plaintiff Trover Group, Inc.'s ("Trover") First Amended Complaint for Patent

Infringement as follows:

**PARTIES**

1.      Home Depot is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph of the Complaint, and therefore denies them.

2.      Home Depot is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph of the Complaint, and therefore denies them.

3.      Home Depot admits that The Home Depot, Inc. is a Delaware corporation with its

corporate headquarters and principal place of business located at 2455 Paces Ferry Road N.W.,

Atlanta, Georgia 30339.  Home Depot admits that The Home Depot, Inc. is not authorized to do

business in Texas and may be served with process through its registered agent in Georgia,

Corporation Service Company, 40 Technology Pkwy South, No. 300, Norcross, Georgia 30092.

Home Depot denies that The Home Depot, Inc. does business in the Eastern District of Texas or

anywhere else in Texas.

4.      Home Depot admits that Home Depot U.S.A., Inc. is a Delaware corporation with its

corporate headquarters and principal place of business located at 2455 Paces Ferry Road N.W.,

Atlanta, Georgia 30339.  Home Depot admits that Home Depot U.S.A., Inc. is authorized to do

business in Texas, does business in the Eastern District of Texas, and may be served with process

through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

5.      Home Depot is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph of the Complaint, and therefore denies them.

## JURISDICTION AND VENUE

6.      Home Depot admits that, as the Complaint is pleaded, this Court has subject matter

jurisdiction pursuant to 28 U.S.C. § 1338(a).

7.      Home Depot is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in this paragraph of the Complaint concerning other defendants,

and therefore denies the allegations.  Home Depot admits that this Court has personal jurisdiction

over Home Depot U.S.A., Inc., but Home Depot denies that this Court has personal jurisdiction over

The Home Depot, Inc.  Home Depot admits that Home Depot U.S.A., Inc. conducts business in the

State of Texas, but Home Depot denies that The Home Depot, Inc. conducts business in the State of

Texas.  Home Depot denies the allegation that Home Depot U.S.A., Inc. and The Home Depot, Inc.

"directly or through intermediaries (including distributors, retailers, and others) ships, distributes,

offers for sale, sells, and advertises [their] products in the United States, the State of Texas, and the

Eastern District of Texas" because this allegation is vague and ambiguous in that the terms "intermediaries" and "others" are vague and ambiguous and, thus, Home Depot is without knowledge or information sufficient to form a belief as to the truth of this allegation pending further investigation and/or a more definite statement.  Home Depot denies the remaining allegations of this paragraph of the Complaint.

8.      Home Depot admits that venue is proper in the Eastern District of Texas with regard to Home Depot U.S.A., Inc., but Home Depot denies that venue is proper in the Eastern District of Texas with regard to The Home Depot, Inc.

## PATENT INFRINGEMENT

9.      Home Depot admits that the face of the '345 patent is entitled "Image Retention and Information Security System" and has an issue date of May 12, 1998.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Complaint, and therefore denies them.

10.     Home Depot admits that the face of the '346 patent is entitled "Image Retention and Information Security System" and has an issue date of May 12, 1998.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Complaint, and therefore denies them.

11.     Denied with respect to allegations directed at Home Depot.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint concerning other defendants, and therefore denies the allegations.

12.     Denied with respect to allegations directed at Home Depot.  Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint concerning other defendants, and therefore denies the allegations.

DEFENDANTS HOME DEPOT U.S.A, INC.
AND THE HOME DEPOT, INC.'S
ORIGINAL ANSWER                            3

13.     Home Depot is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and therefore denies them.

## JURY DEMAND

14.     Home Depot acknowledges Trover's demand for a trial by jury.

## TROVER'S PRAYER FOR RELIEF

15.     Home Depot denies that Trover is entitled to any relief contained in paragraphs A-F of the Prayer for Relief in the Complaint.

## DEFENSES

Home Depot asserts defenses as follows:

### First Affirmative Defense: Lack of Personal Jurisdiction

16.     This Court lacks personal jurisdiction over The Home Depot, Inc.

### Second Affirmative Defense: Improper Venue

17.     This District is an improper venue for Trover's claims against The Home Depot, Inc.

### Third Affirmative Defense: Non-Infringement

18.     Home Depot is not infringing and has not infringed, directly or indirectly, any valid claim of the '345 patent, either literally or under the doctrine of equivalents.

19.     Home Depot is not infringing and has not infringed, directly or indirectly, any valid claim of the '346 patent, either literally or under the doctrine of equivalents.

Fourth Affirmative Defense: Patent Invalidity

20.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support to show that the '345 patent and each of the claims of the '345 patent are invalid or unenforceable for failure to comply with the statutory provisions for patentability and validity set forth in Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 102, 103, and/or 112.

21.     A reasonable opportunity for further investigation or discovery is likely to provide evidentiary support to show that the '346 patent and each of the claims of the '346 patent are invalid or unenforceable for failure to comply with the statutory provisions for patentability and validity set forth in Title 35 of the United States Code, including one or more of 35 U.S.C. §§ 102, 103, and/or 112.

Fifth Affirmative Defense: Equitable Estoppel

22.     Trover's prayers are, in whole or in part, barred by equitable estoppel, including, but not necessarily limited to, prosecution history estoppel.

Sixth Affirmative Defense: Laches

23.     Trover's enforcement of the '345 and '346 patents is barred in its entirety by the equitable doctrine of laches.

Seventh Affirmative Defense: No Injunction

24.     Trover is not entitled to an injunction because Trover is not likely to prevail on the merits, has not suffered and will not suffer irreparable harm because of Home Depot's conduct, and has an adequate remedy at law.

### Eighth Affirmative Defense: Limitations on Damages

25.     Trover may not recover money damages for any alleged infringement committed more than six years prior to the filing of Trover's Complaint (35 U.S.C. § 286), and,  to the extent Trover failed to comply with the notice provisions of 35 U.S.C. § 287, Trover may not recover damages prior to the filing of Trover's Complaint.

### Ninth Affirmative Defense: No Costs

26.     Trover's request for relief is barred or otherwise limited by 35 U.S.C. § 288.

### Tenth Affirmative Defense: Exhaustion

27.     Trover's requested relief is barred or otherwise limited based on exhaustion, the  first-sale doctrine, and/or restrictions on double recovery.

### Eleventh Affirmative Defense: Reserved Defenses

28.     Home Depot reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

## HOME DEPOT'S PRAYER FOR RELIEF

Home Depot, reserving its right to amend its pleadings to add additional defenses, affirmative defenses, and counterclaims if warranted by discovery in this case, prays for the following relief:

A.     That this Court deny all relief asked for by Trover, and enter judgment against Trover declaring that Trover take nothing; and

B.     That this Court award Home Depot any other relief, in law and in equity, which this Court may deem appropriate and to which Home Depot is entitled, including reasonable attorneys fees and court costs.

DEFENDANTS HOME DEPOT U.S.A, INC.
AND THE HOME DEPOT, INC.'S
ORIGINAL ANSWER                               6

Respectfully submitted,

March 5, 2007                          By: */s/ David D. Bahler*
                                           David D. Bahler – Lead Attorney
                                           State Bar No. 01513100
                                           Gilbert A. Greene
                                           State Bar No. 24045976
                                           FULBRIGHT & JAWORSKI LLP
                                           600 Congress Avenue, Suite 2400
                                           Austin, TX 78701
                                           Tel. (512) 536-5201
                                           Fax: 512.536.4598
                                           dbahler@fulbright.com
                                           ggreene@fulbright.com

                                           COUNSEL FOR DEFENDANTS
                                           HOME DEPOT U.S.A., INC. AND
                                           THE HOME DEPOT, INC.

## CERTIFICATE OF SERVICE

I certify that this document was filed electronically pursuant to Local Rule CV-5(a) on **March 5, 2007**.  Pursuant to Local Rule CV-5(a)(3)(A), this electronic filing acts to electronically serve all counsel who have consented to electronic service via the Court's CM/ECF system.


*/s/ David D. Bahler*
David D. Bahler

DEFENDANTS HOME DEPOT U.S.A, INC.
AND THE HOME DEPOT, INC.'S
ORIGINAL ANSWER                    8